UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 21-4785-MWF (AGRx)          **Date:** August 4, 2021
**Title:** Jason Alan v. Trans Union LLC et al.

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

    Deputy Clerk:                          Court Reporter:
    Rita Sanchez                           Not Reported

    Attorneys Present for Plaintiff:        Attorneys Present for Defendant:
    None Present                         None Present

**Proceedings (In Chambers):**   ORDER DENYING MOTION FOR REMAND AND REQUEST FOR SANCTIONS [9]

    Before the Court is pro se Plaintiff Jason Alan's Motion for Remand and Request for Sanctions (the "Motion"), filed on June 30, 2021. (Docket No. 9). Defendant Trans Union LLC ("Trans Union") filed an opposition on July 12, 2021. (Docket No. 13). Plaintiff filed an untimely reply on July 27, 2021. (Docket No. 19).

    The Motion was noticed to be heard on August 2, 2021. The Court read and considered the papers on the Motion, deemed the matter appropriate for decision without oral argument, and therefore **VACATED** the hearing. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. Vacating the hearing is also consistent with General Order 21-08 arising from the COVID-19 pandemic.

    For the reasons discussed below, the Motion to Remand is **DENIED**. The Court has diversity jurisdiction over the action because the parties are citizens of different states and it is clear from the face of the Complaint that the amount in controversy exceeds $75,000.

    On May 7, 2021, Plaintiff commenced this action in Ventura County Superior Court. (Notice of Removal ("NoR"), Ex. A ("Complaint") (Docket No. 1-1)).

    The Complaint generally alleges that Trans Union acted unlawfully in response to Plaintiff's attempt to dispute inaccurate information on Plaintiff's credit report. (Complaint ¶¶ 7-22). Plaintiff alleges two state law claims against Defendant Trans Union: (1) breach of contract; and (2) fraud. (*Id.* ¶¶ 23-34).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 21-4785-MWF (AGRx)             **Date:** August 4, 2021

**Title:** Jason Alan v. Trans Union LLC et al.

    Plaintiff contends that the Court lacks federal question jurisdiction over the action but does not address the existence of diversity jurisdiction. (*See* Motion at 4-6; Reply at 2-4).

    Jurisdiction under 28 U.S.C. § 1332 requires that the amount in controversy exceed $75,000 and that the parties meet the complete diversity rule. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989). "[W]hen a complaint filed in state court alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, such requirement is presumptively satisfied unless it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (citation omitted). In addition, "where it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled[,]" "[t]he removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional amount." *Id.* (citations omitted).

    Plaintiff acknowledges that the parties are diverse. (*See* Complaint ¶¶ 1, 2 (stating that Plaintiff is a California citizen and Trans Union is incorporated in Delaware with its principal place of business in Illinois)). The question, then, is whether the $75,000 amount in controversy is met.

    Although the Complaint states in a conclusory manner under the "Jurisdiction and Venue" heading that the amount in controversy is "below $25,000," (*id.* ¶ 5), it is clear from the face of the Complaint that the amount in controversy does exceed $75,000. The caption of the Complaint states that the amount in controversy "exceeds $25,000." (*Id.* at 1). The Complaint alleges that Trans Union: (1) caused Plaintiff to incur a $790,000 loss on a real estate transaction, (*id.* ¶ 15); (2) damaged Plaintiff's reputation in the amount of $150,000, (*id.* ¶ 19(d)); and (3) improperly removed Plaintiff's $5,000 line of credit, (*id.* ¶ 21). In addition, the Complaint alleges that Plaintiff is entitled to treble damages under California Civil Code section 3345. (*Id.* ¶ 22).

    As a result, this case does not present a situation in which it is "unclear or ambiguous" from the face of the Complaint whether the $75,000 amount in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 21-4785-MWF (AGRx)           **Date:** August 4, 2021

**Title:** Jason Alan v. Trans Union LLC et al.

controversy is pled; rather, the amount in controversy requirement is "presumptively satisfied" because the Complaint expressly alleges that Plaintiff was damaged in an amount far exceeding $75,000.

Accordingly, the Motion is **DENIED**. Because the Motion fails on the merits, Plaintiff's request for sanctions is also **DENIED**.

IT IS SO ORDERED.